# EXHIBIT B

# NIXON PEABODY LLP
ATTORNEYS AT LAW

437 Madison Avenue
New York, New York 10022-7001
(212) 940-3000
Fax: (212) 940-3111

E-Mail: rcrane@nixonpeabody.com



RECEIVED JUN 19 2008 CHAMBERS OF RICHARD J. HOLWELL

June 18, 2008



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/14/08

**VIA HAND DELIVERY**

The Honorable Richard J. Holwell
United States District Judge
United States Courthouse
500 Pearl Street, Room 1950
New York, NY 10007

    RE:   <u>Securities and Exchange Commission v. Moises Saba Masri</u>
           (04 Civ. 1584 (RJH))

Dear Judge Holwell:

      We represent defendant Moises Saba Masri in the referenced matter. We write to identify an issue that we request be addressed by the Court, either through exercise of its plenary authority with respect to interlocutory orders or its ability to certify interlocutory orders for an appeal concerning controlling questions of law under 28 U.S.C. § 1292(b).

      As the Court is well aware, this case involves a question as to whether and when an individual's purported manipulative intent can render "open-market" transactions manipulative in violation of securities laws. The Second Circuit, in a case decided after defendants' summary judgment motion was fully briefed, stated as follows with respect to allegations of manipulative short selling:

> In essence, taking a short position is no different than taking a long
> position. To be actionable as a manipulative act, short selling must
> be willfully combined with something more to create a false
> impression of how market participants value a security.

*Atsi Communications, Inc. v. The Shaar Fund, Ltd.*, 493 F.3d 87, 101 (2d Cir. 2007).

      The Second Circuit's statement concerning the requirement of "something more" is similar to language used by Judge Sand in dismissing a counterclaim in *Nanopierce Techs., Inc. v. Southridge Capital Management LLC* for "fail[ing] to allege any deceptive practice beyond mere sales." No. 02 Civ. 0767, 2003 U.S. Dist. LEXIS 21854, *27 (S.D.N.Y. Dec. 4, 2003). *Nanopierce* was addressed in this Court's November 20, 2007 Memorandum Opinion and Order

The Honorable Richard J. Holwell
June 18, 2008
Page 2 of 3

("Opinion and Order") granting summary judgment to defendant Albert Meyer Sutton and denying it as to Mr. Saba.

The Second Circuit's opinion in *Atsi* also contains a discussion of the Third Circuit's decision in *GFL Advantage Fund, Ltd v. Colkitt*, 272 F.3d 189 (3d Cir. 2001), including the portion stating that manipulative conduct must be distinguished from legal conduct "by asking whether the manipulator 'injecte[ed] inaccurate information into the marketplace or creat[ed] a false impression of supply and demand for the security.'" *Atsi*, 493 F.3d at 101 (quoting *GFL Advantage Fund*, 272 F.3d at 207). As the Court will recall, *GFL Advantage Fund* was also discussed in the Opinion and Order.

This year, months after the Court published its Opinion and Order, Judge Sand issued a pair of new decisions in the *Nanopierce* case, indicating that in *Atsi*, the Second Circuit endorsed *GFL Advantage Fund* and precluded liability for "open-market" transactions involving "death spiral" financing and short sales. *See Nanopierce Techs., Inc. v. Southridge Capital Management LLC*, No. 02 Civ. 0767, 2008 U.S. Dist. LEXIS 6225, *8-14 (S.D.N.Y. Jan. 28, 2008). *See also Nanopierce*, 2008 U.S. Dist. LEXIS 34560, *6-7 (S.D.N.Y. Apr. 21, 2008) (adhering to January 28, 2008 decision and holding that, under *Atsi*, "[m]ere sales do not inject false information into the market place, nor can a party inject false information into the marketplace ... simply by selling stock on the open market").

Especially in light of Judge Sand's opinions in *Nanopierce*, there is substantial doubt as to whether the SEC's claims remain cognizable in this Circuit after *Atsi*. Indeed, Judge Chin recognized that very possibility in a pair of recent decisions interpreting the anti-manipulation provisions of the Commodity Exchange Act (CEA). Citing the Opinion and Order, Judge Chin held that trading practices may violate the CEA "so long as they are pursued with manipulative intent." *U.S. Commodities Futures Trading Comm'n v. Amaranth Advisors, L.L.C.*, No. 07 Civ. 6682, 2008 U.S. Dist. LEXIS 40655, *26-28 (S.D.N.Y. May 21, 2008). In denying reconsideration, however, Judge Chin was careful to point out that *Atsi* and the case before this Court both involve alleged violations of the federal securities laws, and are thus distinguishable from a case, like *Amaranth*, that arises under the CEA, because the CEA contains separate anti-fraud and anti-manipulation provisions. Accordingly, Judge Chin held that "whether 'marking the close' could constitute manipulation in contravention of federal securities laws in light of ... *Atsi Communications* is not at issue." *See Amaranth*, 2008 U.S. Dist. LEXIS 45638, *3-4 (S.D.N.Y. June 10, 2008).

As noted above, the Second Circuit's decision in *Atsi* was made on July 11, 2007, after the parties in this matter fully briefed defendants' motion for summary judgment (regrettably, we failed to become aware of the decision prior to oral argument), and the Court issued its Opinion and Order well before Judge Sand applied *Atsi* to a motion for summary judgment in *Nanopierce*, a case which, like this matter but unlike *Amaranth*, was brought under Section 10(b)

11054115

of the Securities Exchange Act. As a result, the Court did not have a full opportunity to address the significance of *Atsi* in the Opinion and Order.[1]

We accordingly bring these developments to Your Honor's attention, so that the Court may address them through exercise of its plenary authority with respect to interlocutory orders or its ability to certify interlocutory orders for an appeal concerning controlling questions of law under 28 U.S.C. § 1292(b). The Second Circuit's decision in *Atsi* and the recent opinions issued by Judge Sand in *Nanopierce* demonstrate, at minimum, that the Opinion and Order involves a controlling question of law as to which there is substantial ground for difference of opinion, thus satisfying the requirement of 28 U.S.C. § 1292(b). Given that the unresolved question of law is of particular significance in this case, an appeal now may advance the ultimate termination of the litigation.

Respectfully submitted,

Roger R. Crane, Jr.

cc (via e-mail and Federal Express):

Alan Lieberman, Esq.
Ryan Farney, Esq.

Having reviewed counsel's submission, the Court grants defendant Masri leave to move for reconsideration.

SO ORDERED

USDJ
7/8/08

---

[1] The Court carefully addressed, at oral argument and in the Opinion and Order, the Second Circuit's previous treatment of open-market manipulation in *United States v. Mulheren*, 938 F.2d 364 (2d Cir. 1991). The Opinion and Order discusses the different ways in which lower courts in this district applied *Mulheren* — including Judge Mukasey's decision to dismiss claims in *In re College Bound Consolidated Litig.*, No. 93 Civ. 2348, 1995 U.S. Dist. LEXIS 10684, *42-43 (S.D.N.Y. July 31, 1995), Judge Sand's decision to dismiss a counterclaim in *Nanopierce*, No. 02 Civ. 0767, 2003 U.S. Dist. LEXIS 21854 at *43, and Judge Scheindlin's denial of a motion to dismiss in *In re Public Offering Securities Litig.*, 241 F. Supp. 2d 281, 399 (S.D.N.Y. 2003) — but does not analyze those different approaches in light of the Second Circuit's decision in *Atsi*.

11054115